# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN T. LAUFER,

    Petitioner,

v.

                          Case No. 10-CV-702

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

On August 16, 2010, petitioner John T. Laufer ("Laufer") filed a Motion to Vacate, Set Aside, or Correct Sentence (Docket #1) pursuant to 28 U.S.C. § 2255. Laufer subsequently filed a Motion for Release on Bail Pending Final Resolution of Motion Under 28 U.S.C. 2255 (Docket #4). For the reasons that follow, the motion to vacate must be denied. At the same time, the motion for release will be dismissed as moot.

In his § 2255 motion and addendum (Docket #3), Laufer sets forth a number of perceived violations that he states justify granting the requested relief: that he was denied his First Amendment right "to redress his grievances to the government"; he was denied due process by the circumstances and length of the proceeding; his Fourth Amendment right to be free from illegal search and seizure was violated; he was the subject of ineffective assistance of counsel, a violation of the Sixth Amendment; his plea deal was made under duress; and he did not receive proper receipt for seized items. Laufer also argues that this court had no jurisdiction to

impose the sentence. Finally, Laufer's Reply (Docket #8) raises an issue regarding the use of proffer information in sentencing.

**ANALYSIS**

Some of Laufer's contentions can be disposed of quickly, while others warrant closer analysis, but in the end Laufer's motion will be denied. To begin, a court shall grant relief under § 2255 where: (1) the sentence was imposed in violation of the Constitution or federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In other words, "relief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). This type of § 2255 habeas corpus relief is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)).

A full reading of the petition reveals that Laufer's claim under the First Amendment is simply another way of phrasing ineffective assistance of counsel. His complaint of being denied the right to "redress" his grievances is an extension of his complaint that he was not heard through his attorney, (Mot. to Vacate 11), and thus the court will deal with the claim under the Sixth Amendment. Similarly, Laufer makes only brief mention of due process, and primarily in reference to the more fully

developed ineffective assistance of counsel and Fourth Amendment arguments. (Mot. to Vacate 12) ("The entire, long, proceeding against him denied him of due process as detailed in the body of [the] pleading."). Thus, his claim to due process violation is more properly addressed as Fourth and Sixth Amendment violations. Laufer also refers to having made the plea deal "[u]nder duress, exasperated and out of money" (Mot. to Vacate 8), but again, other than the conclusory term "duress" itself, his complaint is properly understood through the lens of the search and seizure and Sixth Amendment violations.[1] Laufer additionally claims violation of Federal Rule of Criminal Procedure 41(f)(1)(C) which requires officers to give the owner of the property a receipt of items seized. Such a minor procedural claim does not rise to the level of fundamental defect and, therefore, does not state a claim under § 2255. Finally, Laufer's bare assertion of lack of jurisdiction has no support in the record, nor does he actually offer any argument supporting the claim, thus failing to state a claim.

The court will proceed to discuss Laufer's claims under the Fourth and Sixth Amendments, as well as the alleged violation of his proffer agreement, in more depth.

---

[1] Further, failure to challenge a guilty plea on appeal prevents challenge in a collateral attack. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Laufer voluntarily dismissed his appeal to the Seventh Circuit (Case No. 09-CR-30 Docket #45), failed to challenge the validity of his plea, and thus may not raise the issue here.

## I. Search and Seizure Violations

Where a defendant has waived or exhausted his chance to appeal, a court is "entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). Thus, "a collateral challenge may not do service for an appeal." *Id.* at 165. Laufer alleges a series of facts that he contends invalidate the search warrant that led to the search of his business, and that all evidence should have therefore been suppressed as tainted. However, in his plea agreement, Laufer waived the right to seek suppression (Plea Agreement ¶ 27) (Case No. 09-CR-30 Docket #3), and voluntarily dismissed his appeal to the Seventh Circuit (Case No. 09-CR-30 Docket #45). Laufer waived his opportunity to contest the validity of the warrant and, therefore, he may not challenge here what he did not challenge on direct appeal. Laufer's Fourth Amendment claim provides no basis for relief.

## II. Ineffective Assistance of Counsel

In order to show ineffective assistance of counsel under the Sixth Amendment, counsel's representation must fall below an "objective standard of reasonableness" and there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The test is "highly deferential to counsel," presumes reasonable judgment, and does not second guess strategic choices. *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000).

Laufer alleges the following failures of his attorney, Franklyn M. Gimbel ("Gimbel"): a failure to take action related to suppression of evidence obtained from the allegedly invalid search warrant; giving Laufer the impression that his case was not important; a failure to have a strategy or plan for Laufer's defense; a failure to take action regarding the missing receipt of seized items; and a failure to investigate a police report indicating a suspicious vehicle leaving the scene of a fire. (Mot. to Vacate 5-11). The allegations, aside from failure to pursue suppression, are barely supported. According to the affidavit of Assistant United States Attorney Richard G. Frohling ("Frohling"), counsel for the United States in the criminal case, Gimbel in fact raised Laufer's concerns regarding the affidavit and warrant with the United States. (Frohling Aff. ¶¶ 7-8) (Docket #5). This is further corroborated by a letter sent from Frohling to Gimbel, reflecting their discussion of the issue. (Resp't's Resp. Ex. B) (Docket #5). Frohling also avers that he met with Gimbel after Laufer filed this petition and Gimbel stated that he presented Laufer with all options, including suppression, before entering the plea agreement. (Frohling Aff. ¶ 9). According to Frohling's sworn statement, Gimbel stated that Laufer made the strategic choice to resolve the case without an indictment in order to obtain favorable recommendations. *Id.*

Laufer's contentions are insufficient to show ineffective assistance of counsel. The court finds that the correspondence with the government demonstrates that not only did Gimbel pursue the suppression argument, but that a strategic choice was

made to forgo the argument in favor of securing more favorable sentencing. The court will not second guess such a decision. The remainder of Laufer's allegations fail as well. Even if Gimbel did give Laufer the impression that the case was of less importance, Gimbel's results speak for themselves – he secured a favorable sentence below the otherwise applicable advisory guideline range. (Case No. 09-CR-30 Docket #25, 26). These results, as well as the communications with Frohling, also contradict Laufer's claim that Gimbel had no strategy or plan. Further, the alleged failure to take action regarding the lack of a seized-item inventory does not state a claim for ineffective assistance, because there is no way it could have had an effect on the conviction or sentence. Finally, the claim that Gimbel did not investigate the suspicious car leaving the scene of the fire fails to state a claim because there is no reasonable probability that, but for pursuing such lead, the outcome would have been different. Consequently, Laufer's claim to ineffective assistance of counsel fails, and he has, therefore, not established that the sentence he received violated the Constitution.

### III. Proffer Agreement and Sentencing

Lastly, Laufer challenges the use of spreadsheets he provided in the proffer agreement, citing to a range of cases, only one of which is from the Seventh Circuit, and almost all of which deal with breach of plea agreements, not proffer agreements. There are two interesting, though non-binding, cases from the Southern District of

New York indicating that the Supreme Court's principle put forth in *Santobello*[2] should be extended to proffer agreements and promises made to induce cooperation with law enforcement.[3] However, there is a more direct resolution here. Subsequent plea agreement terms that contradict or otherwise change the terms of a proffer agreement supersede the proffer. *See United States v. Araujo*, 2010 WL 3720811 at *7 (7th Cir. Sept. 23, 2010) (evidentiary use of proffer statements was governed by terms of proffer, which plea agreement left undisturbed); *see also United States v. Thornton*, 197 F.3d 241, 253 (7th Cir. 1999) (proffer letters of little relevance at trial when "subsequent, superseding plea agreement has been reached").

Laufer alleges that the government violated the proffer agreement by using Excel spreadsheets provided by Laufer against him at sentencing. The proffer agreement states that the government would not use information furnished in the proffer "directly against [Laufer] in any civil or criminal proceedings," and that Sentencing Guideline § 1B1.8(a) prevents the use of proffer information in determining the applicable sentencing guideline range. (Pet'r's Reply Br. Ex. Q). However, in the more recent plea agreement, both parties "reserve[d] the right to apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all

---

[2]The principle is that breach of a plea agreement is a defect remedied by either withdrawal of the plea or specific performance. *Santobello v. New York*, 404 U.S. 257, 262-63 (1971).

[3]*United States v. Parra*, 302 F. Supp. 2d 226 (S.D.N.Y. 2004); *Williams v. Spitzer*, 246 F. Supp. 2d 368 (S.D.N.Y. 2003). Both cases indicate that breach of a proffer agreement is a violation of due process.

conduct related to the offense." (Plea Agreement ¶ 18) (Docket #3). Thus, the plea agreement controls and the government did not breach a promise.[4]

Further, to the extent Laufer makes a claim of ineffective assistance of counsel for failure to challenge the use of the spreadsheets, there is no plausible showing of prejudice because Laufer received a sentence below that recommended by the government. Once again, his claim has no merit.

## IV.   Certificate of Appealability

Because the court must deny the motion for relief, it must next determine whether to grant a certificate of appealability. A habeas petitioner must obtain a certificate of appealability before he may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A district court may only issue a certificate of appealability to a habeas petitioner if he makes a substantial showing of the denial of a Constitutional right. 28 U.S.C. § 2253(c)(2). Under the rules governing § 2255 cases, a district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rules Governing Section 2255 Proceedings for the U.S. District Courts, R. 11(a). For the reasons discussed above, Laufer fails to make a substantial

---

[4] Even under the terms of the proffer, the government did not breach its promise. The government sought an 8-level increase to the offense level based on a loss amount of over $70,000. (Plea Agreement ¶ 16). In the plea agreement, Laufer admitted to causing loss of over $100,000. *Id.* at ¶ 5 & Attach. A. Thus, the spreadsheets were not necessary to the calculation of sentencing guidelines. *See United States v. Linder*, 530 F.3d 556, 565 n.6 (7th Cir. 2008) (rejecting claim of breached plea agreement by use of proffer statements to enhance sentence where defendant admitted under oath in guilty plea to the proffered statements).

showing of the denial of any Constitutional right and the court will deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petitioner's Motion for Release on Bail Pending Resolution of Motion Under 28 U.S.C. 2255 (Docket #4) be and the same is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that the petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket #1) be and the same is hereby **DENIED** and the case is **DISMISSED with prejudice**. The court also **DENIES a certificate of appealability**.

The clerk of court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge