# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN T. LAUFER,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 10-CV-702

# ORDER

On November 19, 2010, petitioner John T. Laufer ("Laufer") filed a Motion to Reopen and Reconsider (Docket #24) his earlier habeas petition which the court denied. That petition alleged, pursuant to 28 U.S.C. § 2255, that he was illegally being held in federal custody. Laufer reasserts a number of arguments previously pressed: that the government breached the proffer agreement, breached the plea agreement, and failed to follow proper procedure in serving Laufer its response brief. This motion follows Laufer's Notice of Appeal (Docket #15) filed on October 12, 2010. Because the court construes Laufer's motion as one under Federal Rule of Civil Procedure 60(b), the court, despite the pending appeal, properly has jurisdiction to deny such motion and will do so per the following discussion.

As Laufer's pro se motion does not explicitly cite authority pursuant to which it is brought, the court must first determine how to construe it. A motion to alter or amend a judgment under Rule 59(e) must be made within twenty-eight days of entry

of the judgment. Fed. R. Civ. P. 59(e). Alternatively, a motion for relief from a judgment or order under Rule 60(b) may be made within a reasonable time after entry. Fed. R. Civ. P. 60(c)(1). The court entered judgment on Laufer's habeas petition on September 30, 2010. (Docket #10). Laufer filed the instant motion fifty days after entry of judgment, and thus the motion, if the court were to construe it as one under Rule 59(e), would not be timely. Thus, the court construes the motion as one under Rule 60(b).

Normally, the district court and court of appeals do not share jurisdiction over a case. *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). "The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* As evidenced by the Seventh Circuit's reference to loss of jurisdiction only for aspects involved on appeal, there are exceptions to the general rule, particularly that a district court has "the power to deny, though not to grant, a Rule 60(b) motion filed while an appeal is pending." *Boyko v. Anderson*, 185 F.3d 672, 675 (7th Cir. 1999). The Seventh Circuit has further explained the proper procedure, stating that "if the motion lacks merit, the [district] court should rule promptly and deny it; if the court finds some merit, it should issue a short memorandum so that the court of appeals can be informed of its views and take appropriate action." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Boyko* and 7th Cir. R. 57). As such,

because the court finds Laufer's motion without merit, it has jurisdiction to deny the motion.

Under Rule 60(b), a court may grant relief from a final judgment or order where there is:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Specifically, subsection (6) "requires a showing of extraordinary circumstances justifying the reopening of a final judgment." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). As the Seventh Circuit has stated, "Rule 60 is not a vehicle for correcting putative legal errors in an underlying judgment. The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Curry v. Advocate Bethany Hosp.*, 352 Fed. App'x 88, 91 (7th Cir. 2009). In fact, under the § 2254 process for prisoners in state custody, which is similar to Laufer's § 2255 petition, the Seventh Circuit has explained that use of Rule 60(b) to revisit the merits of the habeas petition makes the motion a successive petition. *See Arrieta*, 461 F.3d at 864 & n.2 (citing Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Section 2244 governs treatment of successive applications for both §§ 2254 and 2255. 28 U.S.C. § 2244(a), (b). Under that provision, a district

court may not entertain a successive § 2255 petition unless the appropriate court of appeals certifies the motion first. 28 U.S.C. §§ 2244(a), 2255(h).

The majority of Laufer's motion merely reasserts arguments he made in his initial petition and associated briefs. His arguments related to breach of the proffer agreement were decided on the merits by this court in its original ruling, and are clearly aimed at correcting supposed legal errors on the part of this court. Thus, these claims amount to a successive petition and the court cannot address them in the first instance. Successiveness aside, Laufer fails to establish a ground for relief under Rule 60(b) on the basis of these arguments because they merely attack the legal basis of the court's merits decision.

Laufer further alleges two breaches of the plea agreement. What he lists as the eighth breach (Mot. to Reopen and Reconsider 5), is logically dependent on breach of the proffer agreement. Thus, that ground also essentially seeks correction of this court's legal error in failing to find a breach of the proffer agreement. Again, this is a successive argument and cannot be addressed, and would fail to be a proper use of Rule 60(b) in any event. Laufer's seventh listed breach (*Id.*) argues that the government failed to make a promised split sentence recommendation. Any such failure does not amount to a mistake or fraud during consideration of the habeas petition which resulted in this court's judgment. The alleged breach is also not newly discovered evidence, as Laufer had access at all times to the plea agreement and the ability to make the argument during consideration of his petition.

Nor does it establish relief under subsections (4) or (5). Finally, an alleged failure to recommend a split sentence does not establish "extraordinary circumstances" sufficient for the court to grant relief. Thus, this argument does not qualify as a ground for relief under Rule 60(b).

Laufer's final argument is that the government committed a number of procedural errors during the habeas briefing. The supposed failure to properly serve and to "follow [the] court's order" in responding to Laufer's petition do not raise sufficient grounds for relief. Though the government may have made minor procedural errors, service was in fact effected, and there is no requirement that the government address all arguments in its response, so long as the court considers all of the petitioner's arguments. Laufer's one argument which at first appears to carry some weight is that the late service "caused the court to issue its September 30th, 2010 order without hearing all of Laufer's reply to the government's response." (Mot. to Reopen and Reconsider 7). However, the argument is somewhat disingenuous. It is true the government did not personally serve Laufer immediately. The government electronically filed its response on the September 15, 2010 deadline, then seemingly realized that prisoners need to receive notice by mail. As such, the government then certified on September 24, 2010, that it effected service by mail on that date. Laufer noted the delay in service in his objection (Docket #6) to the court on September 24, 2010, wherein he indicated that he was aware of the government's response through a family member's use of the PACER electronic

filing system. Laufer then submitted a reply (Docket #8) to the government's response on September 27, 2010, which referenced, directly cited to, and responded to the government's arguments. Thus, it seems apparent to the court that Laufer had the full ability and opportunity to reply to the government's briefing, and in fact did so. This is not a case in which the court denied the petitioner time to file a reply. At no time prior to filing his addendum (Docket #13), which Laufer now complains was not considered, did he alert the court to the fact that his reply brief was not actually his reply brief. His instant allegation appears little more than the search for a technicality, not an extraordinary circumstance sufficient for Rule 60(b) relief. Thus, Laufer's final argument also lacks merit.

In sum, Laufer's motion consists primarily of arguments that amount to a successive habeas petition which may not be considered by this court absent permission of the court of appeals. Regardless, such arguments are aimed at the merits of this court's resolution of his claim of a breached proffer agreement and thus are not appropriately within the scope of Rule 60(b). The remainder of Laufer's claims lack merit under any of the enumerated grounds of Rule 60(b). Therefore, because the court may exercise jurisdiction over a Rule 60(b) motion where it lacks merit in order to deny it, and because the court otherwise lacks jurisdiction to the extent the motion is a successive habeas petition, the court will deny the motion.

Accordingly,

**IT IS ORDERED** that the petitioner's Motion to Reopen and Reconsider (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge